## TRILLINGHAM v. ALASKA HOUSING AUTHORITY.

No. A–6718.

District Court, Alaska.
First Division, Juneau.
Feb. 24, 1953.

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

M. E. Monagle of Robertson, Monagle & Eastaugh, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiff seeks to enjoin the defendant from continuing to pollute and diminish his supply of percolating waters for his well, and also to recover damages. The pollution and diminution are alleged to be traceable to the construction and operation by the defendant of a housing project, with the usual appurtenances, and consequent disturbances and alteration of the surface of the adjoining land and the contamination is alleged to be due to the presence of coliform bacteria in such number as to make the water unfit for use.

The defendant has moved to dismiss the complaint for failure to state a claim.

Two views have been taken by the courts in dealing with the pollution of percolating waters—(1) absolute liability, and (2) liability based on negligence, 4 Tiffany Real Property, Sec. 749, 3rd ed. The latter, sometimes referred to as the industrial rule, is the modern view and is fully discussed in Restatement of Torts, Secs. 822–832. Because it appears to be better adapted to growing communities, I am inclined to favor it.

Turning to the complaint, it is noted that there is no allegation of negligence or of intentional invasion of the right asserted. This omission may not be cured by statements of fact in the brief not alleged in the complaint, or the use of the term "contaminated" in the complaint, for proof of contamination would not necessarily prove either of the elements referred to. Nor does the allegation of diminution of supply suffice to constitute a claim because percolating waters, being a part of the freehold, may generally speaking, be used by the owner as he sees fit.

I am of the opinion, therefore, that the motion should be granted.

The plaintiff is allowed 15 days in which to amend.